# Evans-Morrow Motor Company *v.* Samuels, Appellant.

*Replevin—Automobiles—Bailments—Sale by bailee—Evidence.*
In an action of replevin to recover possession of an automobile, evidence was produced on the part of the plaintiff that it was the owner of the motor car, which it consigned to a bailee on special contract for sale and that the car was subsequently sold to the defendant in violation of the terms of the agreement. The defendant alleged that he had purchased the car without knowledge of the plaintiff's ownership, and that, furthermore, the plaintiff had subsequently ratified the sale by the bailee.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

*Replevin—Judgment—Option of recovering property or proceeding on bond.*
Under the Replevin Act of 1901 it is optional for the plaintiff, after a judgment in his favor, to issue a writ of retorno habendo or to recover on the bond for the amount of the judgment.

Argued April 21, 1924.    Appeal, No. 126, April T., 1924, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1922, No. 916, on verdict for plaintiff in the case of Evans-Morrow Motor Company, a Corporation, v. Charles J. Samuels.    Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Replevin for automobile.    Before REED, P. J. of O. C., specially presiding.

The facts are stated in the opinion of the Superior Court.

280, (1924).] Assignment of Error—Opinion of the Court.

Verdict for plaintiff in the sum of $1,774.48 and judgment thereon. Defendant appealed.

*Errors assigned* were, among others, the charge of the court and refusal of defendant's motions for a new trial and for judgment non obstante veredicto.

*John H. Stephens,* for appellant.—The charge of the court was inadequate and misleading: Cadbury v. Nolan, 5 Pa. 320; Youngman v. Miller, 98 Pa. 196; Fretton v. Karcher, 77 Pa. 423; Winters v. Mowrer, 163 Pa. 239.

The plaintiff ratified the sale to the defendant: Block v. Mackarell, 11 Delaware 72; Benjamin v. Holgate, 51 Pa. Superior Ct. 104; Presbyterian Board v. Gilbee, 212 Pa. 310; Scouton v. Stoney Brook Lumber Co., 261 Pa. 241; Davis, Director General, v. Carrell-Porter B. & T. Co., 276 Pa. 71.

*J. Earl Ogle, Jr.,* for appellee.

OPINION BY HENDERSON, J., July 2, 1924:

This action involved the title to an automobile. The evidence of the plaintiff was very direct to the effect that it was the owner of the property and that it was consigned to Alvin Blough by a special contract for sale. There is evidence that the defendant knew that the plaintiff was the owner of the car and that the agent held it under a consignment for sale. The defendant asserted ownership and gave a counterbond to the sheriff. The title which he set up was a purchase from Blough, the agent, without knowledge that the car was not his property and with the belief that it belonged to Blough. The agreement between the defendant and Blough, as shown by the defendant, was that a used car which he owned should be turned in at a valuation of $900 on the price of the new car, and that a balance of about $1,384 due on account by Blough to the defendant should be applied on the purchase money. There was evidence that the

used car was sold by direction of the defendant and that a finance company paid to the plaintiff $422.90 to the credit of Blough. One of the contentions of the defendant is that this payment was a ratification of the sale by Blough to him, but the evidence does not show that the plaintiff received the money in approval of the sale to the defendant or with a knowledge of the circumstances affecting the transaction between Blough and the defendant. The court could not therefore say as a matter of law that the plaintiff had ratified the act of Blough in turning over the car to the defendant if it be assumed that the latter undertook to sell the car to Blough and this assumption would be in the face of Blough's evidence that the defendant knew he was not the owner and that he could not make a title except with the authority of the plaintiff. We do not find sufficient support for the appellant's complaint that the charge of the court was inadequate and misleading. The case was submitted to the jury on the inquiry whether the plaintiff was the owner of the car; whether the sale to Samuels by Blough was made with notice that the car was not paid for and that he would have to pay the plaintiff for it; and whether Blough was the agent of the plaintiff corporation and was held out by the plaintiff to have authority to sell their cars. It was certainly a material inquiry whether Blough was acting in a limited capacity in the transaction, or whether he was the owner of the car and authorized to sell it. It is very clear if he was not the owner of the car he had no authority to appropriate any of the price of it to the payment of his own debt, and the defendant admits that over $1,300 of the price agreed to be paid was applied or to be applied to the cancellation of a claim he had against Blough personally. The instruction that if the jury found "the defendant purchased this automobile in good faith, believing, under the statement of Mr. Blough, that he was to get this credit on this car and also to get the other credit mentioned, then you would find for the defendant" is

certainly as favorable to the defendant as could be expected. The verdict of the jury shows that credit was not given to the testimony of the defendant with regard to the transaction, but this was due not to any inadequacy of the charge or partiality on the part of the court. The objection to the form of the verdict is not sustained. By filing his counterbond the defendant became liable for the value of the property if he failed to establish his title at the trial of the action. It was optional with the plaintiff, after a verdict in its favor and judgment thereon, to issue a writ of retorno habendo. The verdict was for an amount equal to the price of the car and interest thereon less the credit which the plaintiff allowed to Blough and the defendant cannot complain that the plaintiff demands money rather than the car. The Act of 1901 provides that before any writ of replevin shall issue, the person applying for the writ shall execute and file with the prothonotary of the proper court a bond for the use of the parties interested; conditioned that if the plaintiff failed to maintain the title to the goods or chattels claimed he "shall pay to the party thereunto entitled the value of said goods and chattels, and all legal costs, fees and damages," etc., and a similar provision with reference to the defendant is provided in the statute; the condition of the latter's bond being the same as in that given by the plaintiff. The defendant has no election with reference to his liability on his counterbond. If he failed to establish his title, the adverse verdict fixes his liability for the value of the property in question. While the jury did not in terms state that the amount of the verdict was the value of the property, it is to be assumed that this was their finding in the absence of any fact to the contrary. No objection was made by the defendant to the form of the verdict when it was rendered. It gives the value of the property according to the plaintiff's evidence after allowance of the credit, and this the statute authorizes.

The assignments are overruled and the judgment affirmed.